**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KeONDRA M. CHESTANG**                                                    **PETITIONER**
**ADC #134005**

**v.**                          **CASE NO.: 5:15CV00121-SWW-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                            **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I.**     <u>**Procedure for Filing Objections**</u>

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Susan Webber Wright.  You may file written objections to this

Recommendation.  If you file objections, they must be specific and must include the

factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court

Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

**II.**     <u>**Background**</u>

In 2005, a jury found KeOndra Montreal Chestang guilty of aggravated robbery,

and the court sentenced him to twenty years' imprisonment in the Arkansas Department

of Correction.  Mr. Chestang appealed his conviction, but the Arkansas Court of Appeals

affirmed the conviction. *Chestang v. State*, No. CACR05-1170, 2006 WL 2879429, *4

(Oct. 11, 2006). Mr. Chestang did not seek review in the Arkansas Supreme Court. He

did file a state habeas corpus petition, however, on February 19, 2009, which the trial

court denied on April 8, 2009.

On August 4, 2009, Mr. Chestang filed a habeas petition with this Court under 28

U.S.C. § 2254. *Chestang v. Norris*, 2009 WL 4251049, *2 (E.D. Ark. 2009). The Court

dismissed the petition, with prejudice, on November 23, 2009. *Id*. Mr. Chestang

appealed. The Court of Appeals for the Eighth Circuit entered a judgment dismissing the

appeal and denying Mr. Chestang's application for certificate of appealability on April 1,

2010. *Chestang v. Norris*, No. 10-1031 (April 1, 2010).

Mr. Chestang filed another habeas petition with this Court on February 27, 2012,

contesting the same conviction at issue in his previous petition. *Chestang v. Hobbs*, No.

5:12CV00083-SWW-BD, 2012 WL 1409393, at *1 (E.D. Ark. Mar. 1, 2012) report and

recommendation adopted, appeal dismissed (Sept. 26, 2012) No. 5:12CV0083-SWW-BD,

2012 WL 1409359 (E.D. Ark. Apr. 23, 2012). The Court dismissed the petition, with

prejudice. *Id*. Mr. Chestang appealed. The Eighth Circuit entered a judgment denying

his application for certificate of appealability and dismissing his appeal. *Chestang v.

Hobbs*, No. 12-2213 (Sept. 26, 2012).

Mr. Chestang filed a third petition for writ of habeas corpus with this Court on

December 11, 2014, contesting the same conviction at issue in his prior petitions.

*Chestang v. Hobbs*, No. 5:14CV00443-SWW-BD (E.D. Ark. Dec. 11, 2014), report and

recommendation adopted (Jan. 16, 2015).  The Court dismissed the petition for lack of

jurisdiction because it was an unauthorized successive petition.  *Id.*

  Mr. Chestang has now filed a fourth petition for writ of habeas corpus.  (Docket

entry #2)  Because this is an unauthorized successive habeas petition, Judge Wright

should summarily dismiss the petition without prejudice.

## III. <u>Discussion</u>

  Before filing a successive habeas petition in district court under §2254, a petitioner

must seek and receive an order from the court of appeals authorizing the district court to

consider a successive petition.  28 U.S.C. § 2244(b)(3)(A).  The court of appeals can

authorize the filing of a successive petition only if the new petition satisfies certain

statutory requirements.  28 U.S.C. § 2244(b);[1] *Burton v. Stewart*, 549 U.S. 147, 152-53

(2007).  Without an order from the court of appeals authorizing the filing of a second or

---

[1]This provision requires dismissal of any claims that were presented in a prior habeas petition.  28 U.S.C. § 2244(b)(1).  A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  *Id.* §2244(b)(2).

successive habeas petition, the district court lacks jurisdiction to hear the petition. *Id.* at 152-153, 157.

Summary dismissal of a habeas corpus petition – prior to any response or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals.[2]  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant petition, read together with the court records, it is obvious that this petition is a successive habeas corpus petition.  Mr. Chestang challenges the same conviction in this petition as he did in his previous petitions.  (#2 at p. 1)  He does not allege or provide any evidence that he has sought or received authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.  Accordingly, this Court lacks jurisdiction to consider the merits of this petition.

Mr. Chestang claims his petition raises new claims, the factual predicate of which could not have been discovered previously through the exercise of due diligence.  (#2 at

---

[2] Rule 4 provides:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

4

p. 14)  Even if this is true,[3] Mr. Chestang has not established that the newly discovered

facts, if proven and viewed in light of the evidence as a whole, are clear and convincing

evidence that, but for constitutional error, no reasonable factfinder would have found him

guilty of the underlying offense.  28 U.S.C. §2244(b)(2).

## IV.    Conclusion

The Court recommends that Judge Wright dismiss KeOndra Chestang's petition

for writ of habeas corpus, without prejudice, for lack of jurisdiction.

DATED this 21st day of April, 2015.

_____

UNITED STATES MAGISTRATE JUDGE

---

[3]The Court notes that the investigation and "newly discovered" evidence Mr.
Chestang points to dates back to 2013.  (#2 at pp. 15-17)